ROSELLÓ HERMANOS INCORPORADA, Plaintiff and Appellant, *v.* JESÚS FIGUEROA, Defendant and Appellee. THE SAME, Plaintiff and Appellant, *v.* JOSÉ AGUILERA, Defendant and Appellee. THE SAME, Plaintiff and Appellant, *v.* ALEJANDRO TORRES, Defendant and Appellee.

Nos. 10764, 10765, 10766. Argued January 7, 1953.—Decided March 2, 1953.

*Víctor Rivera Colón* for appellant. *Rafael Hernández Matos* for appellees.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

Three appeals have been brought jointly to this Court, inasmuch as all three involve common issues. In the former District Court of Puerto Rico, Ponce Section, plaintiff-appellant filed three complaints of "Unlawful Detainer at Suffer-

ance" against Jesús Figueroa, José Aguilera and Alejandro Torres. From the complaint it appears that plaintiff is the owner of two houses built on lots also belonging to it and which are located at Isabel Street of the city of Ponce; that plaintiff acquired said property by purchase on April 20, 1951, and that at the time of the purchase each one of the three defendants occupied part of the property as tenants of the former owner and that "when plaintiff acquired said immovables it served an authentic written notice on each one of defendants dated May 23, 1951, so that they would proceed to vacate the premises which they occupied, inasmuch as it did not renew nor wished to renew the lease contract between said defendants and the former owner, and that it was plaintiff's purpose, and it still is, to withdraw the premises from the rental market in good faith, and devote them to its own use as a business establishment." Defendants' ejectment was requested. The latter filed motions entitled "Demurrers and Answers" in which it was alleged that the complaint "does not state facts sufficient to constitute a cause of action," and that the court lacked jurisdiction. In their answer, defendants denied certain facts and accepted others.

Subsequently, and without a hearing on the merits the court a quo rendered a decision sustaining the "demurrers" for legal insufficiency of the facts set forth in the complaint and stating that the court lacked jurisdiction in the three cases. Plaintiff requested that judgments be rendered against it, alleging that the complaints could not be amended.

The lower court did so, rendering judgments dismissing the complaints and ordering plaintiff to pay $100 in each case, for attorney's fees. Plaintiff has appealed to this Court from said judgments assigning as a sole error that the lower court erred in sustaining defendants' demurrers and in dismissing the complaints.

The trial court held that the complaints were insufficient because they did not allege compliance with certain "conditions precedent" to an action for unlawful detainer as the

same were established in § 12–A of Act No. 464 of April 25, 1946 (Sess. Laws, p. 1326) (Reasonable Rents Act), as amended by Act No. 201 of May 14, 1948 (Sess. Laws, p. 574). The lower court also held that it appeared from the complaint that there had been an implied renewal, with all its effects, as to the months of April and May 1951, inasmuch as although plaintiff acquired the immovable on April 20, 1951, it did not require the eviction of the tenants until May 23, 1951. For said reasons, the lower court concluded that in view of the fact that the parties maintained a lessor and lessee relationship, defendants were not unlawful occupants, there being no allegation to vest the court with jurisdiction over the case, as to the required jurisdictional amount of the rentals.

 Sections 12, 12–A–7 and 15 of the afore-cited Reasonable Rents Act, (Act No. 201 of May 14, 1948) provided insofar as pertinent, the following:

"Section 12.— (As amended by Act No. 201 of May 14, 1948.) Regardless of the date of construction or occupancy of both dwellings and business premises, and irrespective of any change of landlord or nominal lessor, the lease contract shall, on the day of expiration agreed upon therein, be compulsorily extended by the lessor at the option of the tenant or lessee, without altering any of the clauses thereof, all of which shall be deemed in force. The foregoing is applicable both to written and oral contracts and the extension shall be understood for the terms fixed by Section 1471 of the Civil Code, but never for a period longer than the duration of the emergency declared in this Act. Said extension is also applicable to leased lots whereon buildings belonging to an owner other than the owner of the lot are erected."

"Section 12–A.— (As amended by Act No. 201 of May 14, 1948.) As exceptions to the provisions of the preceding section, the lessor may refuse the extension of the lease contract and, consequently, commence unlawful detainer proceedings only in the following cases:

" . . . . . . .

" . . . . . . .

"7. Whenever he needs for himsélf, in good faith, the commercial or business premises. In order that this exception may lie, the following conditions shall concur:

"*a.* That the lessor has acquired the property prior to July 17, 1947, the date of effectiveness of The Reasonable Rents Act as regards commercial and business premises, and that the premises were leased for a fixed period, and the term of the lease has expired.

"*b.* That the lessor has not in the same locality, a business of the same kind as the one operated by the tenant or similar thereto established in a building of his own or a building belonging to another.

"*c.* That the lessor is interested in the premises to occupy them personally with a business exclusively of his own.

"*d.* The mere fact that the lessor wishes or needs to extend his business shall not be sufficient cause to justify his necessity of occupying the premises he may have leased.

"*e.* The lessor shall give the affected tenant authentic written notice of his need to occupy the premises for himself, and shall require said tenant to vacate the same, all at least six months in advance of the date when the tenant receives the notice to vacate."

"Section 15.— (As amended by Act No. 51 of June 10, 1948.) Every person acquiring a leased property shall be subject to the terms of this Act, and shall not claim any rights other than those herein established for the original owner.

"In all cases of sale, cession, or alienation of a leased property, the lease contract of the tenant with the previous owner shall be understood as subsisting and as subject to the extension specified in Section 12 of this Act.

"Neither may the person acquiring a leased property file proceedings against the tenant, for eviction, unlawful detainer, or to recover the possession of said property except for the causes and under the terms and conditions set forth in Sections 12 A to 12 J of this Act."

It is alleged in the complaints that plaintiff's purpose was, and still is, in good faith, to withdraw the premises from the rental market and devote them to its own use as a business establishment. The trial court held that said allegation was not sufficient to justify the termination of the lease con-

tracts, inasmuch as the fulfilment of other "necessary and precedent" conditions and requirements, pointed out in the afore-cited § 12–A–7 should be alleged. Specifically, the court *a quo* based its decision in the opinion that the complaints were insufficient because it appeared therefrom that the property had been acquired subsequent to July 17, 1946 [1] and because it was not stated therein that the lessor had not in the same locality, a business of the same kind as the one operated by the tenant or similar thereto established in a building of his own or a building belonging to another, or that he is interested in said premises to occupy them personally with a business exclusively of his own.

In *Rivera* v. *R. Cobián Chinea & Co.*, 181 F. 2d 974, dated May 19, 1950, the United States Court of Appeals for the First Circuit held that § 12 of the Reasonable Rents Act of 1946 (No. 464 of April 25, 1946) was unconstitutional and void insofar as it denied to the owner of a building the right to maintain an action of unlawful detainer against his tenant when the owner desired in good faith to recover possession of the building for the purpose of withdrawing it from the rental market and devote it to his own use, in those cases in which the term of the lease contract had expired. It is established therefore, that the owner can not be deprived of his constitutional right to evict a tenant on the afore-mentioned circumstances, that is, when the owner complies with the following conditions: (1) That he has the purpose, in good faith, of recovering the possession of the building for his own use, withdrawing it from the rental market and (2) that the term of the lease contract has expired.

It is true that the case at bar is not ruled by the provisions of § 12 of Act No. 464 of 1946 which was directly involved in *Rivera* v. *Cobián Chinea, supra,* and must be decided under

---

[1] Section 12–A–7 (*a*) says 1947 but it should be 1946. See *Rivera* v. *Cobián Chinea, infra,* p. 975, footnote 2, where judicial notice of the error was taken.

the afore-cited § 12–A–7 which is part of Act No. 201 of May 14, 1948. However, the conditions for an action of unlawful detainer fixed in § 12–A–7 and which were pointed out by the court *a quo* as necessary prerequisites for the unlawful detainer action, constitute limitations and restrictions which are additional to the exercise of the constitutional right of the owner to evict a tenant when the owner's bona fide purpose is, as we have seen, that of withdrawing the premises from the rental market to devote them to its own use, when the term of the lease contract has expired. Therefore, such conditions, limitations and additional restrictions must be considered unconstitutional and void, as to their application in the case at bar, in which it is alleged that plaintiff has the purpose of withdrawing the premises from the rental market to devote them to its own use. The afore-cited §§ 12 and 12–A–7 establish a system of compulsory extension for the lessor, he being entitled to refuse the extension of the lease contract if he complies with certain conditions listed in the statute. As we have seen, in *Rivera* v. *Cobián Chinea, supra,* it is held that a system of compulsory extension which deprives the owner of his right to recover, the property in good faith, for his own use, withdrawing it from the rental market when the term of the lease contract expires, is unconstitutional. The conditions prior to the exercise of said right exacted by § 12–A–7 and by the court *a quo* limit and restrict that right going beyond the limits authorized in the opinion of the Court of Appeals, First Circuit.

The afore-cited Section establishes as a condition for eviction that the lessor shall acquire the property prior to the date of effectiveness of the Reasonable Rents Act, as to commercial or business premises. The effectiveness of the constitutional right of the lessor to recover the property under the afore-mentioned circumstances must not depend on the date in which the property is acquired. The right arises

when he actually acquires the property, independently of the date it was acquired.

Paragraph (b) of § 12–A–7 exacts, as a condition for eviction, that the lessor show that he has not, in the same locality, a business of the same kind as the one operated by the tenant or similar thereto, established in a building of his own or belonging to another. However, the constitutional right of the owner to recover a specific property, in the situation involved in *Rivera* v. *Cobián Chinea,* which is the same as the one prevailing herein, is independent of and can not be conditioned to the fact that the lessor has or fails to have different properties or another business of any kind. The existence of another business does not give constitutional validity to a prohibition of the exercise of the right to recover the immovable for his own use and to withdraw it from the rental market. Neither should it be a prerequisite to the exercise of said right that the lessor show that he wants the premises for his own personal use for his own business. Abiding by the doctrine established in the afore-cited case of *Rivera* v. *Cobián Chinea, supra,* it is enough that the lessor be interested, in good faith, in devoting the property for his own personal use independently of its nature.

Naturally, the requisite pointed out in paragraph (e) of § 12–A–7 as to the fact that the lessor shall give the affected tenant authentic written notice of his need to occupy the premises for the purposes indicated in *Rivera* v. *Cobián Chinea,* and shall require said tenant to vacate the same, all at least six months in advance to the date when the tenant receives the notice of eviction is valid. It is a procedural requirement entailing a new waiting period which does not affect the right to institute an unlawful detainer proceeding. In the complaints filed in the case at bar the fulfilment of said requisite is alleged.

Therefore, we reach the conclusion that the allegation contained in the complaint to the effect that plaintiff has the purpose of evicting the tenants in order to withdraw the

premises from the rental markets and devote them to its own use is legally sufficient, it being unnecessary for plaintiff to allege the fulfilment of the other conditions which have already been discussed. We must observe, however, that in *Rivera* v. *Cobián Chinea, supra,* it is stated that the right of the lessor to evict may be exercised if he establishes that the term of the lease contract has ended. The complaints do not set forth the term of the lease contract, prior to the acquisition. But it is alleged that the plaintiff bought the immovable on April 20, 1951, when defendants were tenants. The purchase by plaintiff and the subsequent service of notice to defendants had the effect of terminating the previous lease contracts with the tenants, in the situation of facts involved herein. *Torres* v. *Biaggi,* 72 P.R.R. 813, 817.

Sections 70 and 76 of the *Ley de Arrendamientos Urbanos de España,* which had their antecedent in § 1 of the Decree of December 29, 1931, of Spain, are almost identical with § 12 of our Reasonable Rents Act. Said Sections provide as follows:

"Section 70.—Regardless of the date of construction or occupancy of both dwellings and business premises, and irrespective of any change of landlord or nominal lessor, the lease contract shall, on the day of expiration agreed upon therein, be compulsorily extended by the lessor at the option of the tenant or lessee, without altering any of the clauses thereof, all of which shall be deemed in force.

"Section 76.—When the term of the lease contract of a dwelling, or a business premise has expired, the lessor may refuse the extension of the lease contract in the following cases:

"First. Whenever he needs the dwelling or business premises for his personal use, or to be occupied by his direct ascendants or descendants.

"Second. Whenever the lessor is planning to demolish the leased building in order to construct a new one, having at least, one-third more dwellings or one, at least, if there are none in the building which is to be demolished."

The judgment of January 9, 1948, of the Supreme Court of Spain states that the compulsory extension for the lessor established in said Sections is radically incompatible with § 1571 of the Civil Code of Spain (1461 of ours), which entitles the purchaser of a leased estate to terminate any lease prior to the term fixed in the contract, "because the extension may only be granted when the term of the lease contract has expired, and it would be totally contrary to the legislative intent of giving stability to the contracts in favor of the tenants, that prior to the expiration thereof, a contract, which by operation of law is indefinitely extendible, might be considered as terminated by the purchaser." (10 Manresa 866, 5th ed.)

The decision of the Supreme Court of Spain was based in a legal situation of compulsory extension for the lessors, which prevails in that country, by virtue of which the contracts are considered indefinitely extended by operation of law. The faculty of terminating the lease contract by purchase is subordinated, in Spain, to a subsequent law which establishes the compulsion in the continuation of the contract. However, the specific facts herein demand the application of the constitutional doctrine laid down in *Rivera* v. *Cobián Chinea, supra,* to the effect that the extension of the lease is not binding on the owner under the afore-mentioned circumstances, which are the ones prevailing in the case at bar. The concept of compulsory extension by operation of law, which constitutes the *ratio decidendi* in the Spanish case does not apply to the case at bar. It should also be mentioned that, in the Spanish case, the lease contract was for twenty-six years, expiring in 1958, while in the case at bar it was a month-to-month contract.

■ Should it be required, there is no averment whatsoever in the complaints before us as to the duration of the lease contract. Defendants however, in their answers,

brought jointly, and in the very documents where the "demurrers" are presented, state that they have occupied the premises under verbal month-to-month leases with monthly payments. An allegation or complaint which is defective due to the omission of some essential facts may be cured by the adverse party by the corresponding allegation in the answer producing the same effect that would have been produced if it would have been inserted in the complaint itself. *Jiménez* v. *Ramos*, 51 P.R.R. 375, 378; *Andréu, Aguilar & Co.* v. *Rodríguez et al.*, 36 P.R.R. 562; 71 C.J.S. 1169; *Daggett* v. *Gray*, 110 Cal. 169; *Vaughn* v. *Jonas*, 31 Cal. 2d 586. The admissions contained in an answer cure any defect that the complaint may have. *P. R. Benev. Soc.* v. *Mun. of Ponce et al.*, 28 P.R.R. 773. Specifically in an action of unlawful detainer, this Court has held that the "general demurrer on the ground of insufficient facts to constitute a cause of action" does not lie against a complaint in unlawful detainer, when any defects in the complaint, are cured by the answer when it supplies the deficiency in the complaint. *Cabassa* v. *Reyes*, 27 P.R.R. 333.

 A lease contract which admittedly has no fixed term of duration wherein the rent is paid monthly, is understood to be a contract by the months and the lessor may terminate the contract at the end of any month. *People* v. *Carrasquillo*, 58 P.R.R. 178; *Puig* v. *Soto*, 18 P.R.R. 130. Precisely in *Rivera* v. *Cobián Chinea, supra,* the contract was not for a fixed period, the rent being paid monthly. Therefore, said case is directly apposite to the case at bar.

 In the complaints it is alleged that plaintiff acquired the property on April 20, 1951 and on May 23, 1951 notified and required the defendants to vacate the premises. In its decision, the trial court erroneously determined that failure to serve a notice within the first fifteen days of May had resulted in an implied renewal "at least all throughout

the month of May." The complaints were filed on February 14, 1952. As we have seen, plaintiff was entitled to refuse the extension of the contracts and to recover use of the property, and, consequently, to require eviction. Plaintiff exercised said right and was forced to comply with the law in force which required it to wait six or more months before filing the unlawful detainer proceedings. Defendants were unlawful occupants merely paying for the use of the premises, inasmuch as, once the property had been acquired by a new owner and the extension refused there could not be any express or implied contract between the parties there not being, therefore, an implied renewal. *Torres* v. *Biaggi*, *supra*, at page 818.[2] An implied renewal is based in the implied consent of the parties presumed by the law. *Cf. León Parra* v. *Gerardino*, 58 P.R.R. 494. When plaintiff expressed its desire and purpose of recovering the premises and of refusing the extension of the contracts, said expression of its will excludes any possible inference of an implied consent. Any alleged presumption of consent on the part of the plaintiff was previously overcome by plaintiff itself when it required that the premises be vacated pursuant to the law. The defendants being unlawful occupants the court *a quo* had jurisdiction over the action. The trial court also erred in holding that the complaints were legally insufficient.

The judgments appealed from will be reversed and the case remanded to the court *a quo* for further proceedings not inconsistent with this opinion.[3]

---

[2] It has been held in Spain that under the system of compulsory extension there can not be any implied renewal. Judgments of September 18, 1946 and February 7, 1946. In the case at bar the extension is not binding on the lessor. But there can be no implied renewal, for the reasons set forth in the opinion.

[3] Naturally, in the court *a quo* it must be proved that the plaintiff really has the purpose in good faith of recovering the premises rented to withdraw them from the rental market and devote them to its own use.